[No. D038136. Fourth Dist., Div. One. Dec. 20, 2002.]

In·re the Marriage of ROSEMARY and JAIME DE PRIETO.
ROSEMARY CORBIN, Appellant, v.
JAIME DE PRIETO, Respondent.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

William M. Henrich for Appellant.

Richard R. Leuthold for Respondent.

## OPINION

**HALLER, J.**—When an obligor under a child support order is delinquent in payment, Family Code[2] section 4722 allows the obligee to file and serve a notice of delinquency and provides for a 6 percent monthly penalty to accrue for up to 12 months if the arrearages are not paid. Section 4726 allows the obligor to request that penalties not be imposed if he or she files a timely motion after service of the notice of delinquency.

Rosemary Corbin challenges the trial court's discretionary reduction of penalties imposed on her former husband, Jaime De Prieto, pursuant to sections 4722 and 4726. Corbin contends the trial court erred in: (1) granting De Prieto relief from a penalty judgment under Code of Civil Procedure section 473's mandatory attorney fault provision; (2) finding a section 4726 motion was timely; and (3) reducing the penalty below the 6 percent monthly statutory amount. We hold these rulings were not in error, and uphold the judgment reducing the penalty.

### FACTUAL AND PROCEDURAL BACKGROUND

After dissolution of their marriage, Corbin obtained a 1996 court order which established child support arrearages of $80,377.73, plus interest and other items. The order included a wage assignment for ongoing child support. In November 1997, Corbin filed a section 4722 notice of delinquency for $100,000.61 arrearages plus interest, and personally served it on De Prieto on December 1, 1997. The notice warned that if the arrearages were not paid within 30 days a penalty may be charged. De Prieto's counsel at the time (Richard Prantil) was not served with the notice of delinquency, and no action was taken at that time to respond to the notice.

During 1998 and 1999, Corbin pursued and obtained several child support modifications, as well as a writ of execution on the arrearages, but did not request the court to enter judgment on the penalty. According to Attorney Prantil, during his representation of De Prieto from January 1996 to June 1998,[3] Corbin's attorneys verbally communicated with him, served him pleadings, and sent him correspondence, but they never gave him any type of notification of the delinquency notice.

By letter dated May 18, 1999, De Prieto's newly retained attorney (James Scott) received Corbin's attorney's calculations of the amount owed for arrearages, plus his calculation of a $72,001.16 penalty which had accrued in 1998 because of De Prieto's failure to pay the arrearages.

---

[2]Subsequent statutory references are to the Family Code unless otherwise specified.
[3]In June 1998, De Prieto retained Attorney Gary Pike in place of Prantil.

In May 1999, Attorney Scott filed a motion to appoint a special master to calculate disputed arrearage amounts and to develop a payment schedule for the arrearages. At the July 1999 hearing, Attorney Scott raised the issue of "the problem" of the $72,001.16 penalty requested by Corbin, and urged the trial court to make findings as to the penalty after the special master reported on the disputed arrearage issues. In its oral and written rulings, the court stated Attorney Scott was not precluded from filing "some sort of motion" to get relief from the penalty, but orally opined it did not think it could make the requisite findings for relief from imposition of the penalty under section 4726. The court also observed it might be difficult for De Prieto to prevail, but noted the penalty was "pretty stiff." Concluding the parties were apart in their arrearage calculations (Corbin's calculations were about $111,000 and De Prieto's were about $101,000), the trial court appointed a special master, with the caveat that arrearages could not go below $101,000.

The special master utilized the 1996 court-ordered arrearage amount, which was not subject to challenge, and then calculated arrearages and accrued interest since that time, finding arrearages as of September 30, 1999, totaled $101,026.55. De Prieto paid these arrearages shortly after the special master's report.

In April 2000, Corbin filed a section 4725 motion for a judgment on the penalty. In May 2000 De Prieto filed an opposition to the request for penalty judgment, asserting the May 1999 motion to set arrearages was a timely response to the notice of delinquency. At the June 2000 hearing on this and other motions, the trial court ordered entry of a $72,001.16 penalty judgment under section 4725. In doing so, the court found that although imposition of penalties is discretionary upon a proper motion for relief, De Prieto failed to file a section 4726 motion to show cause why penalties should not be imposed. The court also found that even if De Prieto's May 1999 motion to establish arrearages could constitute a section 4726 motion for relief, it was not timely. At the hearing, the court noted the penalty was "very, very harsh," "draconian," and "drastic," and it would impose a lesser penalty if it could, but it did not have the discretion to do so.[4]

In August 2000, De Prieto filed a motion for relief from the penalty judgment under the mandatory attorney fault provision of Code of Civil Procedure section 473, subdivision (b). In support of this motion, Attorney Scott declared his belief that filing opposition papers to Corbin's April 2000

---

[4]At this June hearing, the trial court also found service of the notice of delinquency complied with the statute; found the 1996 order for about $80,000 in child support arrearages was the law of the case; adopted most of the special master's report determining arrearages; and found child support had been overpaid by $2,126.49 as of June 2000.

motion for judgment on the penalty adequately complied with the section 4726 motion requirement. Attorney Scott explained that when he became aware of the notice of delinquency two years after its service, he filed the May 1999 motion to appoint a special master to set a firm number for the arrearages and to establish a monthly payment schedule on the arrearages. Thereafter, De Prieto was able to pay the arrearages in full. Attorney Scott then planned to show the court why no penalty would apply. When Corbin filed her April 2000 motion for judgment on the penalty, Attorney Scott thought it prudent to formally oppose the motion, rather than file a second motion as to why the penalty should not be assessed.

The trial court concluded the circumstances of the entry of the penalty judgment resembled a default, and thus granted the request for mandatory relief from the penalty judgment. The court found that although the penalty was mentioned in declarations and correspondence during the litigation, it was never actually adjudicated. Likewise, at the June 2000 hearing on the motion for penalty judgment, there was no litigation on the merits of De Prieto's request for relief from imposition of the penalty since no section 4726 motion had been brought. The cause of the failure to bring the section 4726 motion was attorney misfeasance: i.e., Attorney Scott mistakenly thought that filing an opposition to Corbin's motion for judgment on the penalties was equivalent to filing a section 4726 motion. The court ordered Attorney Scott to pay Corbin's counsel's attorney fees and costs.[5]

In October 2000, De Prieto filed a section 4726 motion requesting the penalties not be imposed. The trial court reduced the penalty from $72,001.16 to $30,000, finding: the October 2000 motion was filed in a timely fashion after the December 1997 service of the notice of delinquency; the court's earlier untimeliness finding as to the May 1999 motion to set arrearages was nonbinding dictum; and even though De Prieto's conduct was an egregious instance of noncompliance, it would not be in the interests of justice to impose the entire penalty.

Explaining these findings, the trial court orally stated it took into consideration that Attorney Scott did everything he could to get the case resolved; De Prieto went to the special master to get the arrearages established and then paid everything; it would have been helpful if the notice of delinquency had been served on counsel; and one-third of the requested sanctions was reasonable.

---

[5]The court also noted that the bulk of the arrearages occurred when De Prieto was unemployed or underemployed, and that De Prieto immediately paid the arrearages after the special master's calculation.

Corbin argues the trial court improperly granted relief from the June 2000 penalty judgment under Code of Civil Procedure § 473(b)'s mandatory provision for attorney fault, and abused its discretion by ruling the section 4726 motion requesting penalties not be imposed was timely and then reducing the penalty. First, in the published portion of this opinion, we will evaluate the section 4722 penalty statutory scheme and the trial court's reduction of the penalty, and then, in the unpublished portion, we will address the court's granting of Code of Civil Procedure § 473(b) relief from the first (unreduced) penalty judgment.

DISCUSSION

## I. *Statutory Scheme*

Corbin contends: (1) unless the obligor makes a timely section 4726 motion to show cause why penalties should not be imposed, the 6 percent monthly penalty begins accruing 30 days after service of the notice of delinquency, and thereafter imposition of the penalty by the court is merely a ministerial act; (2) the trial court abused its discretion in finding the section 4726 motion was timely; and (3) the trial court had no discretion to reduce the penalty but had to impose all of it. As we shall explain, we agree that under the statutory scheme the penalty is mandatory absent a timely motion requesting penalties not be imposed. However, we hold that in ruling on a section 4726 motion, the statute does not require the court to choose between the entire penalty or no penalty, but allows for discretionary reduction of the penalty in the interests of justice. Further, we hold that under the particular circumstances of this case, the trial court did not abuse its discretion in finding the section 4726 motion was timely and then reducing the penalty.

 In interpreting statutes, we look first to the language of the statute, giving the words their ordinary meaning. (*People v. Rizo* (2000) 22 Cal.4th 681, 685 [94 Cal.Rptr.2d 375, 996 P.2d 27].) We construe the statutory language in the context of the statute as a whole and the overall statutory scheme, with a view to effectuating their purpose and intent and harmonizing their provisions. (*Ibid.*; *People v. Superior Court (Mouchaourab)* (2000) 78 Cal.App.4th 403, 428 [92 Cal.Rptr.2d 829].) In addition to relying on the plain language of the statute as a whole, we are mindful of the general rule that although subject to the constraints of statutory requirements, family law courts are otherwise vested with wide discretion in decisionmaking. (See *In re Marriage of Hargrave* (1985) 163 Cal.App.3d 346, 354-355 [209 Cal.Rptr. 764]; *In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 312 [111 Cal.Rptr.2d 755].)

The statutory scheme for enforcement of child support orders via a notice of delinquency and imposition of penalties was enacted to apply to "egregious instances of noncompliance with child support orders." (§ 4721, subd.

(b).) Section 4722 states: "(a) Any person with a court order for child support, the payments on which are more than 30 days in arrears, may file and then serve a notice of delinquency, as described in this chapter. [¶] (b) *Except as provided in Section 4726, and subject to Section 4727,* any amount of child support specified in a notice of delinquency that remains unpaid for more than 30 days after the notice of delinquency has been filed and served *shall incur a penalty of 6 percent* of the delinquent payment for each month that it remains unpaid, up to a maximum of 72 percent of the unpaid balance due." (Italics added.)[6]

Addressing relief from penalties, section 4726 provides: "No penalties may be imposed . . . if, in the discretion of the court, all of the following conditions are met: [¶] (a) *Within a timely fashion after service of the notice of delinquency, the support obligor files and serves a motion to determine arrearages and to show cause why the penalties provided in this chapter should not be imposed.* [¶] (b) At the hearing on the motion filed by the support obligor, the court finds that the support obligor has proved any of the following: [¶] . . . [¶] (4) It would not be in the interests of justice to impose a penalty."[7] (Italics added.)

After 30 days from service of the notice of delinquency, section 4725 permits the obligee to file a motion to obtain a judgment for the penalty.

---

[6]Section 4731 allows the obligee to file more than one notice of delinquency, stating: "A subsequent notice of delinquency may be served and filed at any time. The subsequent notice shall indicate those child support arrearages and ongoing installments that have been listed on a previous notice."

In the event more than one notice of delinquency is filed, section 4727 addresses the calculation of the penalty based on the original amount due, stating: "Any penalty due under this chapter shall not be greater than 6 percent per month of the original amount of support arrearages or support installment, nor may the penalties on any arrearage amount or support installment exceed 72 percent of the original amount due, regardless of whether or not the installments have been listed on more than one notice of delinquency."

[7]Section 4726 states in its entirety: "No penalties may be imposed pursuant to this chapter if, in the discretion of the court, all of the following conditions are met:

"(a) Within a timely fashion after service of notice of delinquency, the support obligor files and serves a motion to determine arrearages and to show cause why the penalties provided in this chapter should not be imposed.

"(b) At the hearing on the motion filed by the support obligor, the court finds that the support obligor has proved any of the following:

"(1) The child support payments were not 30 days in arrears as of the date of service of the notice of delinquency and are not in arrears as of the date of the hearing.

"(2) The support obligor suffered serious illness, disability, or unemployment which substantially impaired the ability of the support obligor to comply fully with the support order and the support obligor has made every possible effort to comply with the support order.

"(3) The support obligor is a public employee and for reasons relating to fiscal difficulties of the employing entity the obligor has not received a paycheck for 30 or more days.

"(4) It would not be in the interests of justice to impose a penalty."

Additionally, section 4728 allows the obligee to obtain a writ of execution to enforce the penalty, except that payment of penalties may not take priority over payment of current or past due child support.[8]

This statutory scheme provides a punitive mechanism to financially motivate support obligors to fulfill their court-ordered child support obligations. Section 4722 states "[e]xcept as provided in Section 4726," a 6 percent penalty "shall incur" 30 days after service of the notice of delinquency. Section 1 of the Family Code defines "shall" as meaning mandatory. Thus, under section 4722 the penalty begins accruing 30 days after service of the notice. ■■■ However, the trial court retains discretion not to actually *impose* accrued penalties based on section 4726, which allows discretionary relief from imposition of a penalty if a motion is filed "in a timely fashion" after service of the delinquency notice and if it would not be "in the interests of justice" to impose a penalty. Consistent with this statutory scheme, the Judicial Council form for a notice of delinquency advises the obligor that if the arrearages are not paid within 30 days of service, "a penalty of 6% per month *may be charged* on the unpaid balance." (Judicial Council Forms, form 1296.90, Notice of Delinquency (rule 1296.90), italics added.)[9]

## A. *Timeliness*

■■■ Section 4726 does not set a specific time limit other than "a timely fashion" after service of the delinquency notice. The undefined language

---

[8]Section 4725 states: "If the child support owed, or any arrearages, interest, or penalty, remains unpaid more than 30 days after serving the notice of delinquency, the support obligee may file a motion to obtain a judgment for the amount owed, which shall be enforceable in any manner provided by law for the enforcement of judgments."

Section 4728 states: "Penalties due pursuant to this chapter may be enforced by the issuance of a writ of execution in the same manner as a writ of execution may be issued for unpaid installments of child support, as described in Chapter 7 (commencing with Section 5100), except that payment of penalties under this chapter may not take priority over payment of arrearages or current support."

[9]Judicial Council Forms, form 1296.90 states:

"The child support payments listed on this form are more than 30 days in arrears on the date of filing this notice. If they are not paid within 30 days of the date of service of this notice on you, a penalty of 6% per month may be charged on the unpaid balance. The penalty may accumulate to a maximum of 72% of the original amount of the unpaid support.

"California law provides that 'Within a timely fashion after service of the Notice of Delinquency the [obligor may file] a motion to determine arrearages' and show the court why the 6% penalty should not be imposed. A form for filing the motion for a court hearing to establish your possible exemption was served on you with this Notice of Delinquency. You should file the motion as soon as possible, before the support obligee obtains a court order or writ of execution."

suggests the Legislature left the timeliness determination to the trial court to be made on a case-by-case basis. (See *In re Marriage of de Guigne* (2002) 97 Cal.App.4th 1353, 1366 [119 Cal.Rptr.2d 430].) A determination of what is a reasonable time depends upon the circumstances of the particular case, and the trial court has broad discretion in making this determination. (See *Carrasco v. Craft* (1985) 164 Cal.App.3d 796, 805 [210 Cal.Rptr. 599].) A trial court's exercise of discretion will not be disturbed on appeal unless, as a matter of law, considering all of the relevant circumstances and drawing all inferences in favor of the judgment, the court has exceeded the bounds of reason. (*In re Marriage of de Guigne, supra,* 97 Cal.App.4th at p. 1366; *In re Marriage of Petropoulos* (2001) 91 Cal.App.4th 161, 178 [110 Cal.Rptr.2d 111].)

As Corbin acknowledges in her reply brief, Attorney Scott's May 1999 motion to set arrearages can be deemed a constructive filing of a motion for relief from the section 4722 penalties. Although about 17 months passed between the December 1997 service of the notice of delinquency and the May 1999 constructive filing, and almost three years passed between the delinquency notice and the October 2000 actual section 4726 motion, the trial court had a sufficient factual basis to conclude the motion was timely under the circumstances.

The court was cognizant of circumstances that indicated the delay was not the result of De Prieto or his counsel simply ignoring the penalty hoping it would "go away," as contended by Corbin. Specifically, the trial court could reasonably infer the initial delay was largely attributed to Corbin's failure to serve De Prieto's counsel with a courtesy copy, even though Corbin and her counsel were well aware that De Prieto was represented by counsel at that time. Further, in 1998 and 1999, even though Corbin returned to court several times to pursue child support modifications, Corbin did not move to obtain a judgment on the penalty, but waited until April 2000 to do so. In May 1999, well before Corbin's April 2000 motion for penalty judgment, Attorney Scott verbally raised the issue of the penalty, presenting his view that findings on the penalty should not be made until the special master resolved the arrearages issue. The special master's report was not adopted by the court until the June 2000 hearing on Corbin's penalty judgment motion. At both the July 1999 and June 2000 hearings, the trial court believed it had very little discretion under the statutory scheme, and then later changed its mind by the time of Attorney Scott's August 2000 Code of Civil Procedure § 473(b) motion for relief from the penalty judgment and subsequent October 2000 section 4726 motion.

This record indicates there was a significant amount of legal activity, and no small amount of legal confusion, occurring between the December 1997

service and the eventual section 4726 motion for relief. There were no published appellate decisions interpreting the penalty statutory scheme, and thus both the trial court and counsel did not have the benefit of judicial interpretation to guide their decisions. Although Attorney Scott was not pursuing relief in perfect compliance with the penalty statute, the record shows he was trying during the course of the proceedings to address the penalty issue.

Certainly the time frame and manner in which relief from the penalty was obtained in this case is not the preferred method. As suggested by Judicial Council Forms, form 1296.90, the better practice would be for the obligor to file a motion to show cause why the penalties should not be imposed, *before* the obligee moves for a judgment on the penalty.[10] Judicial Council Forms, form 1296.90 also states: "A form for filing the motion for a court hearing to establish your possible exemption was served on you with this Notice of Delinquency." The referenced form, Judicial Council Forms, form 1296.91, includes, on a single form, both an application to determine arrearages *and* a request that no penalties be imposed.[11]

Notwithstanding De Prieto's procedurally circuitous pursuit of relief, the delay, whether calculated from a constructive May 1999 filing or the actual October 2000 filing relied upon by the trial court, does not compel a finding of untimeliness as a matter of law. Given the failure to serve De Prieto's counsel with a courtesy notice, the indications attorney Scott was raising the issue during the course of the proceedings, Corbin's own delay in pursuing judgment on the penalty, the lack of judicial interpretation of the statutory scheme, and the absence of a showing of prejudice to Corbin, the lapse of time was not unreasonable as a matter of law.

Our conclusion is not meant to countenance delay in responding to notices of delinquency, nor to minimize the importance of following the motion procedures and forms pertinent to section 4726. Our role is confined to evaluating the correctness of the particular ruling before us, and because the

[10]The Judicial Council form for the notice of delinquency advises the obligor to file " 'a motion to determine arrearages' and show the court why the 6% penalty should not be imposed . . . *as soon as possible, before the support obligee obtains a court order or writ of execution.*" (Judicial Council Forms, form 1296.90, italics added.)

[11]Corbin's proof of service for the notice of delinquency refers to service of a "Blank Notice of Motion to Determine Arrearages," thus presumably De Prieto did receive Judicial Council Forms, form 1296.91 when he was served with the notice of delinquency. When making its timeliness ruling, the trial court considered the fact that his attorney at the time was not served with a courtesy copy. Attorney Scott did not use the Judicial Council form when filing the motion to set arrearages.

trial court's exercise of discretion is not erroneous as a matter of a law, we will not disturb it.

## B. *Reduction of the penalty*

■ We find unavailing Corbin's argument that section 4726 requires the trial court to choose between the entire 6 percent monthly penalty or no penalty at all.

Section 4726 states: "*No penalties* may be imposed . . . if, in the discretion of the court, all of the following conditions are met: . . . [(1) The obligor brings a motion] to show cause why the *penalties* . . . should not be imposed; [¶] . . . [¶] [and (2)] It would not be in the interests of justice to impose *a penalty*." (Italics added.) Although the initial reference to "[n]o penalties" could be construed as an all-or-nothing mandate, the later reference to "a penalty" suggests the monthly penalties could properly be evaluated as separate components. Section 4726's directive that the trial court consider whether imposition of a penalty serves the "interests of justice" indicates that the Legislature contemplated not a rigid all-or-nothing decision, but rather an evaluation of the circumstances with a view to reaching a balanced, reasonable result. Because a 6 percent penalty accrues *each* month, the nature of the penalty is that *multiple* penalties will be accruing. Reading the statute as a whole, we interpret it to mean the trial court can examine the monthly penalties to determine if any of them should not be imposed. The trial court can properly evaluate the circumstances of the case to determine if the interests of justice would be served by imposition of all, part, or none of the penalty.

The record here includes findings that support a reduction of the penalty. The bulk of the arrearages accumulated when De Prieto was unemployed or underemployed, and once the special master calculated the arrearage balance, it was paid forthwith. We see no abuse of discretion.

Finally, because the Legislature chose a broad "in the interests of justice" standard in section 4726, we are not persuaded by Corbin's argument that any reduction must be based on a more precise standard.

## II. *Relief from the Penalty Judgment**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote 1, *ante*, page 748.

## DISPOSITION

The judgment is affirmed. Costs to De Prieto on appeal.

Huffman, Acting P. J., and McDonald, J., concurred.