[Civ. No. 55500. Second Dist., Div. Five. Mar. 10, 1980.]

MARVIN SWIFT, Plaintiff, Cross-defendant and Appellant, v. STEVEN DANIELS et al., Defendants, Cross-complainants and Respondents.

COUNSEL

Larry H. Parker for Plaintiff, Cross-defendant and Appellant.

Ronald M. Couillard and Falley & Couillard for Defendants, Cross-complainants and Respondents.

OPINION

**KAUS, P. J.**—Plaintiff and cross-defendant Marvin Swift appeals from a judgment quieting title to certain real property in defendant and cross-complainant Steven Daniels.

We need not engage in any substantive discussion of the underlying facts giving rise to this lawsuit. Suffice it to say that at the conclusion of trial, presided over by Judge Guirado, the court made its intended decision to enter judgment in Daniels' favor. Thereafter, however, Judge Guirado became incapacitated, and, as a result, Judge Biggerstaff signed the formal findings of fact and conclusions of law, purportedly in conformity with Judge Guirado's statement of intended decision.

Judge Biggerstaff's signature appears above a stamped indication that he was acting pursuant to section 635 of the Code of Civil Procedure, which reads as follows: "In all cases where findings of fact and conclusions of law are not required or have been waived and the decision of the court has been entered in its minutes, and when the judge who heard or tried the case is unavailable, the formal judgment or order conforming to the minutes may be signed by the presiding judge of the court."

■ Section 635 was, however, inapplicable for several reasons. After Judge Guirado's intended decision was filed, appellant requested findings pursuant to the second paragraph of section 632. Findings were, therefore, not waived. Nor—if it mattered—was a decision entered in the minutes; the court's notice of intended decision was, by definition, not "binding on the court." (Cal. Rules of Court, rule 232.)

The last pronouncement of the Supreme Court on this precise issue is quite old, but still the law. It was made in *Mace v. O'Reilley* (1886) 70 Cal. 231 [11 P. 721]. There the trial judge's term of office expired before he had signed findings and conclusions. The court held that thereafter no proper judgment could be entered and that "a new trial was inevitable, unless agreed findings should be filed or waived by both sides to the controversy." (*Id.*, at p. 234.)

The net effect of section 635 and *Mace v. O'Reilley, supra*, is simply that the judge who hears the evidence should be the one to decide the case.

In this case neither side objected to Judge Biggerstaff substituting for Judge Guirado. As a matter of fact, the issue of his power to do so was first raised by us during the oral argument of the appeal. We requested additional authorities which, when received, turned out to be mostly declarations by counsel as to what happened before Judge Biggerstaff.

Although we are quite certain that each counsel is giving us the best of his recollection, the declarations contain significant differences. Without going into any detail, counsel for respondent states that he and trial counsel for appellant agreed on the findings which Judge Biggerstaff later signed. Trial counsel for appellant recalls disagreeing with some of the findings—though he is not sure which—and not agreeing to any of the conclusions.

We could, of course, resolve the conflict in favor of respondent, presuming perhaps that Judge Biggerstaff would not have signed the findings unless there had been agreement. We feel quite certain, however, that when the Supreme Court in *Mace* v. *O'Reilley supra*, spoke of "agreed findings" it had in mind that the agreement should be contemporaneously and conclusively memorialized for the record, rather than being the creature of appellate fact finding, based on conflicting, circumstantial evidence.

We feel that we have no choice in the matter and that the judgment cannot stand.

Reversed.

Stephens, J., and Ashby, J., concurred.