[No. B068275. Second Dist., Div. Four. June. 10, 1994.]

RON RAVILLE et al., Plainiffs and Respondents, v.
HARBANS SINGH, Defendant and Appellant.

[black redaction bars]

## Counsel

Harold Kippen for Defendant and Appellant.

Harry O. Schenk and Fredric J. Greenblatt for Plaintiffs and Respondents.

## Opinion

**HASTINGS, J.**—In this appeal, we reverse a judgment signed by a supervising judge after the trial judge died without issuing a statement of decision. ▬ Code of Civil Procedure section 632[1] requires the trial judge to, at a minimum, issue a statement of decision in order to empower a supervising judge to sign a judgment for an incapacitated trial judge pursuant to section 635.

### Facts

On June 1, 1987, respondent Ron Raville filed a complaint against defendant, cross-complainant and respondent Lance Gorze and defendant, cross-defendant and appellant Harbans Singh. The case came to trial before Judge Robert Fainer. At the conclusion of the bench trial, Judge Fainer announced his tentative decision in open court in favor of respondent Raville on his complaint and respondent Gorze on his cross-complaint. This was recorded in the minutes of the court on November 26, 1991. After trial, the appellant timely submitted a written request for a statement of decision pursuant to section 632.

Raville submitted a proposed statement of decision and judgment to Judge Fainer who then directed a letter to counsel for the parties which stated in part: "Under the applicable provisions of the Code of Civil Procedure and California Rules of Court, I must hold the proposed statement and the judgment to allow the defendants to file objections. The time within which to do this begins to run from the date of service. If necessary I must conduct

---

[1] All code references are to the Code of Civil Procedure unless otherwise noted.

a hearing to resolve any disputes." Within the time provided by law, both Gorze and Singh filed objections to the proposed drafts. Sadly, before ruling on the objections, Judge Fainer died. Raville then submitted the *proposed* statement of decision and judgment to Supervising Judge Joseph Kalin for signature.[2] Judge Kalin signed both the proposed statement of decision and judgment.

Appellant moved the trial court for a new trial on the grounds of trial irregularity and that the judgment signed by Judge Kalin was against the law, and thus, void. In opposition to this motion, Raville filed the declaration of attorney Fredric Greenblatt and his assistant Fran Ross, in which they declared that the *proposed* statement of decision and judgment were dictated by Judge Fainer, and recorded verbatim by declarants via telephone. Furthermore, it was argued by Raville that the judgment conformed to the minute order signed by Judge Fainer and dated November 26, 1991. In light of these facts, Judge Kalin denied appellant's motion.

Appellant contends the judgment is void because the judge who heard the evidence neither prepared nor signed the requested statement of decision, therefore the supervising judge lacked the requisite authority to sign the judgment pursuant to section 635.

STANDARD OF REVIEW

■ Where the inquiry on appeal requires a critical consideration of legal principles applied to undisputed facts, the question is primarily legal and is subject to independent review. (*Crocker National Bank* v. *City and County of San Francisco* (1989) 49 Cal.3d 881, 888 [264 Cal.Rptr. 139, 782 P.2d 278].)

DISCUSSION

Section 635 reads as follows: "In all cases where *the decision of the court* has been entered in its minutes, and where the judge who heard or tried the case is unavailable, the formal judgment or order conforming to the minutes may be signed by the presiding judge of the court or by a judge designated by the presiding judge." (Italics added.) The issue to decide in this case is whether or not *the decision of the court* had been entered in its minutes, setting the stage for Judge Kalin to sign the proposed judgment.

On November 26, 1991, a minute order was entered reflecting the oral statement of tentative decision issued by Judge Fainer from the bench.

---

[2]The statement of decision and judgment submitted and signed by Judge Kalin were identical to those submitted to Judge Fainer except for the date and signature lines.

However, this minute order was only reflective of the tentative decision of the court.[3]

In a nonjury trial, appellant may challenge the tentative decision by requesting and obtaining from the trial court a statement of decision pursuant to section 632.[4] The procedure for issuing a statement of decision is set forth in California Rules of Court, rule 232, which states in part: "(a) On the trial of a question of fact by the court, the court shall announce its tentative decision by an oral statement, entered in the minutes, or by a written statement filed with the clerk. Unless the announcement is made in open court in the presence of all parties who appeared at the trial, the clerk shall forthwith mail to all parties who appeared at the trial a copy of the minute entry or written tentative decision. [¶] *The tentative decision shall not constitute a judgment and shall not be binding on the court.* If the court subsequently modifies or changes its announced tentative decision, the clerk shall mail a copy of the modification or change to all parties who appeared at the trial. [¶] . . . [¶] (b) Any proposals as to the content of the statement of decision shall be made within 10 days of the date of request for a statement of decision. [¶] (c) If a statement of decision is requested, the court shall, within 15 days after the expiration of the time for proposals as to the content of the statement of decision, prepare and mail a proposed statement of decision and a proposed judgment to all parties who appeared at the trial, unless the court has designated a party to prepare the statement as provided

---

[3]This minute order does not bring this case within the situation presented in *Leiserson* v. *City of San Diego* (1986) 184 Cal.App.3d 41 [229 Cal.Rptr. 22]. In *Leiserson*, a detailed intended decision supplied by the trial court to the litigants was held comparable to a statement of decision for purposes of appellate review. However, the *Leiserson* opinion does not indicate that a statement of decision was requested. If a statement of decision is not requested, the presiding judge does have authority to sign the judgment. (*Armstrong* v. *Picquelle* (1984) 157 Cal.App.3d 122, 127 [203 Cal.Rptr. 552].) Also, the minute order in this case is not comparable to the detailed tentative decision in *Leiserson* because it does not "explain[ ] the factual and legal basis for its [court's] decision as to each of the principal controverted issues. . . ." (Code Civ. Proc., § 632.) Rather, it merely states conclusions.

[4]Section 632 states: "In superior, municipal, and justice courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required. The court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party appearing at the trial. The request must be made within 10 days after the court announces a tentative decision unless the trial is concluded within one calendar day or in less than eight hours over more than one day in which event the request must be made prior to the submission of the matter for decision. The request for a statement of decision shall specify those controverted issues as to which the party is requesting a statement of decision. After a party has requested such a statement, any party may make proposals as to the content of the statement of decision. [¶] The statement of decision shall be in writing, unless the parties appearing at trial agree otherwise; however, when the trial is concluded within one calendar day or in less than 8 hours over more than one day, the statement of decision may be made orally on the record in the presence of the parties."

by subdivision (a) or has, within 5 days after the request, notified a party to prepare the statement. A party who has been designated or notified to prepare the statement shall within 15 days after the expiration of the time for filing proposals as to the content of the statement, or within 15 days after notice, whichever is later, prepare, serve and submit to the court a proposed statement of decision and a proposed judgment. If the proposed statement of decision and judgment are not served and submitted within that time, any other party who appeared at the trial may: (1) prepare, serve and submit to the court a proposed statement of decision and judgment, or (2) serve on all other parties and file a notice of motion for an order that a statement of decision be deemed waived. [¶] (d) Any party affected by the judgment may, within 15 days after the proposed statement of decision and judgment have been served, serve and file objections to the proposed statement of decision or judgment. [¶] . . . [¶] (f) The court may order a hearing on proposals or objections to a proposed statement of decision or the proposed judgment if a statement of decision is not required." (Italics added.)

■ The fact that the trial court has issued a statement of intended decision does not satisfy the statutory requirement of section 632: " '[A] court is not bound by its statement of intended decision and may enter a wholly different judgment than that announced.' [Citation.] 'Neither an oral expression nor a written opinion can restrict the power of the judge to declare his [or her] final conclusion in his [or her] findings of fact and conclusions of law. [Citation.] The findings and conclusions constitute the final decision of the court and an oral or written opinion cannot be resorted to for the purpose of *impeaching* or gainsaying the findings and *judgment.* [Citation.]' . . . [¶] A statement of decision allows the trial court to review its memorandum of intended decision and 'to make . . . corrections, additions, or deletions it deems necessary or appropriate.' [Citation.] Such statement thus enables a reviewing court 'to determine what [law] the trial court employed. . . .' [Citation.] It is the statement of decision which allows the court to place upon *the record* its view of facts and law of the case. [Citation.]" (*In re Marriage of Ditto* (1988) 206 Cal.App.3d 643, 646-647 [253 Cal.Rptr. 770].)

■ When the trial judge becomes unavailable before the entire process contemplated in section 632, and California Rules of Court, rule 232 has been completed, the parties have been deprived of a full and fair trial. This has been recognized in *Armstrong v. Picquelle, supra,* 157 Cal.App.3d 122, relied upon by appellant. In *Armstrong,* a trial judge failed to prepare findings of fact and conclusions of law (statement of decision) as requested

by the parties before retiring.[5] The presiding judge signed a judgment in conformity with the retired trial judge's tentative findings. On appeal, the judgment was reversed because "[t]o allow entry of a judgment by a presiding judge on the basis of a tentative ruling by a nonavailable trial judge would wrest from the parties the right to have 'the judge who hears the evidence . . . decide the case' [citation], depriving them of their right to a full and fair trial." (*Id.* at pp. 127-128, citing *Swift* v. *Daniels* (1980) 103 Cal.App.3d 263, 265 [162 Cal.Rptr. 863].) ■ The court further held section 635 authorizes a presiding judge to sign a formal judgment for an unavailable trial judge when either no statement of decision is requested *or* a statement of decision has been provided by the trial judge. (*Armstrong* v. *Picquelle*, *supra*, 157 Cal.App.3d at p. 127.)

Through the declarations submitted in opposition to appellant's motion for a new trial, respondent Raville argues that Judge Fainer "prepared" the statement of decision because he dictated the document to him verbatim. This argument not only takes liberty with the definition of "prepare" but also ignores the fact that this was only a *proposed* statement of decision.

As indicated in *Armstrong, supra*, the decision of the court is the finalized statement of decision. That decision is then entered in the minutes, as contemplated by section 635, by filing the statement of decision and concurrently noting this filing in a minute order. This was not accomplished here.

### DISPOSITION

The judgment is reversed. Each side to bear their own costs. The writ of supersedeas previously issued is vacated.

Woods (A. M.), P. J., and Epstein, J., concurred.

---

[5]In 1981, the Legislature amended section 632 eliminating the requirement of findings of fact and instituting the statement of decision process. *Armstrong* was tried in March 1982, shortly after the new process was effective. The appellate court treated the parties' request for findings of fact as a request for statement of decision. (*Armstrong* v. *Picquelle*, *supra*, 157 Cal.App.3d at pp. 126-127.)