[No. B186446. Second Dist., Div. Four. May 30, 2006.]

M. ALFRED KARLSEN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CANNONBALL ACQUISITIONS, Real Party in Interest.

## COUNSEL

Hillel Chodos for Petitioner.

No appearance for Respondent.

Ronald Lewis Gallant for Real Party in Interest.

## OPINION

**HASTINGS, J.**\*—We issued an alternative writ to address a problem arising from the trial court's acceptance of a Code of Civil Procedure section 170.6 peremptory challenge filed by petitioner after remand from this court directing the trial court to prepare a statement of decision.[1] We conclude the trial judge erred in accepting the challenge and transferring the matter to a different judge.

### FACTS

The underlying action arises out of a commercial transaction between petitioner M. Alfred Karlsen, individually and as a trustee of the M. Alfred Karlsen Professional Corporation Employees' Retirement Trust, and real party in interest Cannonball Acquisitions, a California corporation (Cannonball). Cannonball prevailed in a court trial and petitioner requested a statement of decision. The court directed that Cannonball's counsel prepare the requested statement of decision. No statement of decision was prepared. Nevertheless, over objection of petitioner, the court entered judgment in favor of Cannonball.

---

\*Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] All further references will be to the Code of Civil Procedure unless otherwise noted.

On petitioner's appeal, we concluded the judgment had to be reversed and the matter remanded for the trial court to prepare a statement of decision pursuant to section 632 and California Rules of Court, rule 232. On May 5, 2005, we issued an opinion with the following disposition: "The judgment is reversed and the matter is remanded with directions that the trial court prepare a statement of decision in accord with section 632 and rule 232."

After remittitur was issued, Cannonball submitted a proposed statement of decision to the trial court. In response, petitioner filed a section 170.6 peremptory challenge to the original trial judge, in the form of a motion. Real party opposed the motion arguing that the motion was "legally improper, untimely, utterly supported by any authority whatsoever and [borders] on being frivolous." The trial court found the challenge timely "subsequent to, and in light of appeal" and transferred the case to Department 1 for reassignment. Department 1 reassigned the matter to another judge.

The second judge conducted a status conference where the parties set forth their positions on how the matter should proceed. Cannonball argued that the second judge should sign the proposed statement of decision that it had prepared for the trial judge, while petitioner contended that a complete new trial was required. The second judge determined that he would prepare a statement of decision rather than affording the parties a new trial. Petitioner then filed with this court his petition for writ of mandate seeking that we order the second judge to vacate his decision and "instead to set the action of *Cannonball v. Karlsen* for re-trial before a jury; and for such other or further relief as this Court may deem just and proper."

After review of the petition, we issued a temporary stay and requested further briefing as follows: "(1) whether Code of Civil Procedure section 170.6 applies when a matter is remanded by the Court of Appeal for preparation of a statement of decision; and (2) if section 170.6 does not apply, what remedy is appropriate when the original trial judge has nonetheless recused himself from the case pursuant to that statute." The parties have complied.

After the parties had complied with further briefing, we received a letter from counsel for the superior court informing us that the court had complied with our alternative writ and had set aside the order accepting the peremptory challenge. Further, the matter had been transferred back to the original trial judge for compliance with our directive to prepare a statement of decision. Rather than deem the matter moot, we conclude the case involves a question of public interest that is likely to recur between the parties or others and we exercise our "inherent discretion to resolve [the] issue . . . ." (*In re William M.* (1970) 3 Cal.3d 16, 23 [89 Cal.Rptr. 33, 473 P.2d 737].) We issued an order

notifying the parties that we would hear the matter on its merits but we vacated the temporary stay in order to allow the trial court to comply with our prior directive.

## DISCUSSION

█ The trial court concluded that the section 170.6 challenge filed after remand was timely. It was not. The pertinent portion of section 170.6 reads: "A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct *a new trial* on the matter." (§ 170.6, subd. (a)(2), italics added.) We did not remand with directions for the trial court to conduct a new trial. Rather, we directed the trial court to prepare the requested statement of decision to complete the original trial.

█ "When there has been a decision upon appeal, the trial court is reinvested with jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the remittitur. *The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void.* [Citations.]" (*Hampton v. Superior Court* (1952) 38 Cal.2d 652, 655 [242 P.2d 1], italics added; see also *Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982 [128 Cal.Rptr.2d 403].) In other words, by granting the motion pursuant to section 170.6, the trial court acted in excess of its jurisdiction. The grant of the motion and everything which occurred thereafter is void.

█ The necessity for remand and preparation of the statement of decision is explained by the following passage in *In re Marriage of Ditto* (1988) 206 Cal.App.3d 643, at pages 646–647 [253 Cal.Rptr. 770]: " '[A] court is not bound by its statement of intended decision and may enter a wholly different judgment than that announced.' [Citation.] 'Neither an oral expression nor a written opinion can restrict the power of the judge to declare his [or her] final conclusion in his [or her] findings of fact and conclusions of law. [Citation.] The findings and conclusions constitute the final decision of the court and an oral or written opinion cannot be resorted to for the purpose of *impeaching* or gainsaying the findings and *judgment.* [Citation.] . . .' [¶] . . . [¶] A statement of decision allows the trial court to review its memorandum of intended decision and 'to make . . . corrections, additions or deletions it deems necessary or appropriate.' [Citation.] Such statement thus enables a reviewing court 'to determine what [law] the trial court employed . . . .' [Citation.]" (Original italics.)

If a statement of decision is timely requested and not waived, the trial court must render a statement of decision and it is reversible error if it does not do

so. (*Whittington v. McKinney* (1991) 234 Cal.App.3d 123, 126–127 [285 Cal.Rptr. 586].) Under those circumstances, the matter is remanded to the trial judge who originally presided over the trial to complete the process. If the trial judge who originally presided over the trial has become *incapacitated* or has died, no other judge can perform the task and the matter must be retried. (*Raville v. Singh* (1994) 25 Cal.App.4th 1127 [31 Cal.Rptr.2d 58].) That is not the situation presented here. There is no evidence that the trial judge in this case is no longer vested with judicial power to act. (See, e.g., *People v. Dunn* (1986) 176 Cal.App.3d 572, 575 [222 Cal.Rptr. 273].) To the extent the trial judge has no immediate independent recollection of the matter he must take whatever steps are available to refresh his recollection to perform his duty as explained above.

## DISPOSITION

The petition is granted. Because the trial court did comply with our alternative writ and transferred the matter back to the trial judge for compliance with our prior directive, no further action is required. The alternative writ is dissolved. The parties are to bear their own costs.

Epstein, P. J., and Willhite, J., concurred.

A petition for a rehearing was denied June 14, 2006.