Filed 3/12/15  Henry v. CATS Communication CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DONALD L. HENRY, | |
| Plaintiff and Appellant, | G049520 |
| v. | (Super. Ct. No. 07CC04970) |
| CATS COMMUNICATION, INC., et al., | O P I N I O N |
| Defendants; | |
| JOSEPH DAWSON et al., | |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Derek W. Hunt, Judge.  Affirmed in part, reversed in part, and remanded.  Motion for sanctions.  Denied.

Richard V. McMillan for Plaintiff and Appellant.

Joseph H. Dawson, in pro. per., for Defendant and Respondent.

Steve Rogala, in pro. per., for Defendant and Respondent.

\*               \*               \*

INTRODUCTION

Plaintiff Donald L. Henry filed a fourth amended complaint which contained claims for (1) relief under Corporations Code section 800 et seq. against CATS Communication, Inc. (CATS), Russ McCullough, and Mike Harrell; (2) breach of contract against CATS and McCullough; (3) fraud and misrepresentation (fraud) against McCullough, Jonathan Kudla, and Scott MacKay; and (4) breach of fiduciary duty against, inter alia, Harrell, Joseph Dawson, and Steve Rogala. Henry's claims for relief under Corporations Code section 800 et seq. and breach of fiduciary duty were severed by the trial court from the claims for breach of contract and fraud. Following the close of Henry's case-in-chief during a bench trial of Henry's claims under the Corporations Code and breach of fiduciary duty, the court granted Harrell's, Dawson's, and Rogala's motions for judgment under Code of Civil Procedure section 631.8 as to the claims against them. Henry's trial counsel asked if the court would issue a statement of decision. The trial court responded that it had issued a statement of decision by stating its reasons for granting the motions orally on the record; the court did not issue a written statement of decision.

Judgment was entered in favor Harrell as to the relief under Corporations Code section 800 et seq. claim, and in favor of Harrell, Dawson, and Rogala on the breach of fiduciary duty claim. The judgment also stated Henry had proven his shareholder derivative claim for relief under Corporations Code section 800 et seq. against McCullough by showing that, as an officer of CATS, McCullough had committed ultra vires activities; the judgment awarded CATS $1,195,550 against McCullough on that claim. Finally, the judgment stated Henry failed to prove his cause of action for breach of contract against McCullough or CATS and awarded Henry the amount of $0 on that claim.

Henry contends the trial court erred by (1) failing to issue a statement of decision upon his timely request when the court granted the motions for judgment at the

2

bench trial of Henry's claims for relief under Corporations Code section 800 et seq. and breach of fiduciary duty; and (2) entering judgment as to the breach of contract cause of action because that claim had neither been tried before a jury (as was Henry's right) nor before the court. Henry also contends the court erred by granting Harrell's, Dawson's, and Rogala's motions for judgment.

Henry does not challenge the judgment as to the award of $1,195,550 in favor of CATS and against McCullough on the claim for relief under Corporations Code section 800 et seq. We therefore affirm that portion of the judgment. We reverse the judgment in all other respects and remand to the trial court.

For the reasons we will explain, the trial court's refusal to issue a written statement of decision following the bench trial of the claims for relief under Corporations Code section 800 et seq. and breach of fiduciary duty constitutes reversible error under Code of Civil Procedure sections 631.8 and 632. Because we reverse the judgment for lack of a statement decision, we do not reach Henry's argument the trial court also erred by granting the motions for judgment.

We also reverse the judgment as to the breach of contract claim. Our record shows the breach of contract cause of action was not tried to the bench but was slated to be tried before a jury; but that trial never occurred. The judgment, however, inconsistently stated the breach of contract claim had been tried to the bench. The record does not show Henry ever waived a jury trial as to that claim.

BACKGROUND

I.

THE FOURTH AMENDED COMPLAINT

In December 2011, Henry filed a fourth amended complaint[1] alleging claims for "[r]elief under *Corporations Code,* § 800 et seq.," against CATS, McCullough,

---

[1] Henry previously appealed from judgments entered after the trial court sustained Dawson's and the then defendants Nancy Edgell's and Samir Shakfeh's demurrers to the

3

and Harrell; breach of contract against CATS and McCullough; fraud and misrepresentation against McCullough, Kudla, and MacKay; and breach of fiduciary duty against Edgell, Harrell, Chris Houchin, MacKay, Dawson, Rogala, Shakfeh, and Puniak. The following is a brief summary of the allegations contained in the fourth amended complaint.

CATS is a Nevada corporation that was formed on May 3, 2004. From May 3 through September 2005, McCullough was CATS's president, sole director, and majority shareholder. Henry was a CATS shareholder, owning 400,000 shares of CATS common stock, and a creditor, having loaned CATS $315,000 since May 2006.

Henry became aware that McCullough, without the board of directors' knowledge or approval, took in excess of $2 million of CATS's funds and used them to purchase three cars held in his name, pay his gambling debts in excess of $1 million, pay for his living expenses in addition to the money that he was paid as salary or received in loans, and sent his mother at least $22,000. In late 2006 and early 2007, Henry had "numerous discussions" with McCullough, during which Henry demanded that McCullough "account for the monies he was misappropriating from CATS" and cease taking the funds of CATS. McCullough refused to provide Henry an accounting and denied any wrongdoing. On February 17, 2007, McCullough appointed Harrell as a director of CATS, without informing Henry.

After Henry filed his original complaint in this action against CATS and McCullough in April 2007, at an "unnoticed/unofficial meeting," McCullough appointed

---

third amended complaint without leave to amend. Rogala and the then defendant Michael Puniak joined in Dawson's demurrer, and judgment was entered in Rogala's favor, but the appellate record did not contain a judgment as to Puniak. In an unpublished opinion, we affirmed the judgment of dismissal in favor of Edgell, but reversed the judgments in favor of Dawson, Rogala, and Shakfeh. (*Henry v. Edgell* (Aug. 23, 2011, G043639.) We dismissed the appeal as to Puniak for lack of appellate jurisdiction. As discussed *post*, Edgell, Shakfeh, and Puniak were dismissed from this case before trial.

4

MacKay, Houchin, and Edgell as additional members of the CATS board of directors; each accepted the appointment. Later, during that same meeting, Henry discussed with MacKay, Houchin, and Edgell the lawsuit he had filed and "explained the facts upon which the suit was based."

On April 24, 2007, "the first noticed meeting" of the CATS board of directors was held, at which time McCullough tendered his resignation as president of CATS and the board accepted his resignation. Houchin was appointed as the new president. McCullough, Harrell, MacKay, Edgell, and Houchin were informed by CATS's legal counsel of Henry's lawsuit and of McCullough's alleged misappropriation of CATS's assets. At that same meeting, the board of directors voted to form a committee to investigate Henry's claims; that special committee never met to investigate Henry's allegations of wrongdoing by McCullough.

In July 2007, Houchin resigned as president of CATS and McCullough took over the day-to-day operations without having been appointed by the board of directors. The board of directors failed to stop McCullough from continuing to misappropriate CATS's assets.

In 2008, a new board of directors of CATS was elected. It was comprised of McCullough, Harrell, Edgell, Dawson, Rogala, Shakfeh, and Puniak; Dawson was the chairman of the board. The board formed a committee to investigate Henry's claims, consisting of Dawson, Rogala, Shakfeh, and Puniak. Dawson fully participated in the investigation of McCullough but did not disclose his past relationship with McCullough.

Between June 22, 2007 and December 30, 2008, the governing boards of directors allowed McCullough to (1) sell CATS's assets outside the ordinary course of business without a prior court order; (2) take salary payments without board approval; and (3) continue to dissipate CATS's funds to the detriment of the corporation, its shareholders, and creditors. CATS was rendered insolvent and no longer had sufficient funds to meet its obligations as they came due. It eventually went out of business.

5

After completing its investigation of McCullough and finding he had misappropriated over $1 million from CATS's accounts for his personal use, on December 30, 2008, Dawson, Rogala, Shakfeh, and Puniak agreed, on behalf of CATS, to enter into a written executive termination agreement with McCullough (the agreement);[2] Henry did not know about or consent to the agreement. The agreement provided that CATS would not pursue (1) criminal litigation or take any direct or indirect action to cause criminal charges or litigation to be brought against McCullough; (2) civil litigation against him; or (3) shareholder derivative litigation against him. In exchange, McCullough agreed, inter alia, to resign from his employment with CATS, to surrender his shares of CATS, and to transfer CATS's "shell company" to Dawson, Rogala, Shakfeh, and Puniak personally.

II.

THE TRIAL COURT CONDUCTS A BENCH TRIAL ON THE CLAIMS FOR RELIEF UNDER CORPORATIONS CODE SECTION 800 ET SEQ. AND BREACH OF FIDUCIARY DUTY; FOLLOWING HENRY'S CASE-IN-CHIEF, THE COURT GRANTS HARRELL'S, DAWSON'S, AND ROGALA'S MOTIONS FOR JUDGMENT AND SCHEDULES A DAMAGES PROVE-UP HEARING ON THE RELIEF UNDER CORPORATIONS CODE SECTION 800 ET SEQ. CLAIM AGAINST MCCULLOUGH AND A JURY TRIAL FOR HENRY'S BREACH OF CONTRACT CLAIM.

By the time the case was ready for trial in May 2013, MacKay, Edgell, Houchin, Shakfeh, and Puniak had been dismissed from the case. Due to a family tragedy suffered by Kudla, the trial court granted a motion to sever the case and try the fraud claim, the only claim alleged against Kudla, on a later date.

Before trial, the court informed the parties that the claim for relief under Corporations Code section 800 et seq. alleged against CATS, McCullough, and Harrell, and the breach of fiduciary duty claim against Harrell, Dawson, and Rogala, were

---

[2] Although the fourth amended complaint does not specifically allege the date CATS became insolvent, a fair reading shows CATS had become insolvent before the execution of the agreement.

6

equitable in nature and thus would be tried to the bench, followed by a jury trial on the legal issues in the case. Henry's counsel responded to the court: "You're absolutely correct that you have the right to do a bench trial" as to those two causes of action.

At the commencement of the bench trial on the equitable claims, McCullough "failed to appear and did not defend the case against him." The record reflects there was also no appearance by "nominal defendant CATS Communications, Inc."

Following the completion of Henry's case-in-chief during the bench trial of his claims for relief under Corporations Code section 800 et seq. and breach of fiduciary duty, Harrell, Dawson, and Rogala each moved for judgment in their favor under Code of Civil Procedure section 631.8 as to the claims alleged against them. After entertaining argument on Harrell's motion for judgment as to the claim for relief under Corporations Code section 800 et seq. alleged against him, the court granted the motion. Henry's counsel then asked the court: "Will you prepare a statement of decision?" The court responded: "Hold it—what? Excuse me?" Henry's counsel re-asked: "Will you prepare a statement—" and the court responded: "I just gave you my statement of decision. I told you what my findings were."

The court proceeded to entertain argument regarding the motions for judgment as to the breach of fiduciary duty claim. The court ultimately granted the motions for judgment as to that claim alleged against Dawson, Rogala, and Harrell, stating "for the reasons that I've already stated."

The court then stated, "[w]here does this leave us? It leaves us with two causes of action which we didn't litigate; . . . the second cause of action is for breach of contract, and it's against CATS and Mr. McCullough. And the third cause of action is against—is fraud against Mr. McCullough[ and] Mr. Kudla." The court found that Henry had proven up his case against McCullough as to the claim seeking relief under Corporations Code section 800 et seq., and further stated, "the other thing that remains

7

unadjudicated is the dollar amount to be proved up against Mr. McCullough" under that cause of action. The court and Henry's counsel agreed to postpone that damages prove-up hearing.

The court proposed that the damages prove-up hearing against McCullough be scheduled when the breach of contract claim against CATS and McCullough was to be tried, as neither involved Kudla who remained unavailable. Henry's counsel agreed to the court's proposal. The court scheduled trial for June 3, 2013.

III.

THE JURY TRIAL ON THE BREACH OF CONTRACT CAUSE OF ACTION IS POSTPONED; THE COURT ORDERS THE FRAUD CLAIM SEVERED FROM THE BREACH OF CONTRACT CLAIM, BUT DENIES HENRY'S REQUEST TO SPECIALLY SET JURY TRIAL ON THE BREACH OF CONTRACT CLAIM.

The record shows the jury trial was rescheduled for August 27, 2013. In a minute order dated August 30, the trial court granted Henry's motion to sever the claim against Kudla from the remaining issues in the case. The minute order stated, "[t]he Default Prove-Up Hearing is scheduled for 10/04/2013 . . . as to CATS Communication and Russ McCullough on damages portion of first trial."

On October 31, 2013, Henry filed an ex parte application for an order specially setting the jury trial on the breach of contract cause of action against McCullough and CATS. The court denied the application.

A minute order, dated November 4, 2013, states: "The court has reviewed the secondary material submitted this date by plaintiff Donald Henry in support of his prove-up of the claims against defendants Russ McCullough and CATS Communications respecting both the first and second causes of action of the fourth amended complaint. [¶] The court now finds that plaintiff Henry, as a Corp. C § 800 representative of nominal defendant CATS Communications, has proved up CATS' damages against said defendant under the 1st cause of action in the sum of $1,195,550. [¶] By contrast, plaintiff's

8

evidence respecting the 2nd cause of action, which was a personal breach of contract claim by plaintiff Henry against both defendants McCullough and CATS, was inadequate by a preponderance of the evidence (a) on liability against defendant CATS and (b) on damages against defendant McCullough, and accordingly said defendants shall have judgment on the 2nd cause of action and plaintiff shall take nothing against said defendants thereon."

The record shows that Henry had filed a declaration that he executed on October 16, 2013, which appears to address the damages claimed pursuant to the claim for relief under Corporations Code section 800 et seq. The declaration concludes: "Based upon my review of the books and records set forth above, it is my belief that defendant McCullough misappropriated the sum of $2,021,576.00 from CATS and on behalf of myself, and the other shareholders in CATS, request that a judgment be entered in favor of CATS and against Defendant McCullough in the sum of $2,021,576.00 plus costs." The declaration addresses instances of misappropriation of CATS's assets by McCullough, but does not address any contractual relationship between Henry on the one hand, and CATS or McCullough on the other. Our record does not show Henry agreed to have the breach of contract cause of action tried to the trial court.

IV.

JUDGMENT IS ENTERED ON NOT ONLY THE CLAIMS FOR RELIEF UNDER CORPORATIONS CODE SECTION 800 ET SEQ. AND BREACH OF FIDUCIARY DUTY, BUT ALSO THE BREACH OF CONTRACT CAUSE OF ACTION; HENRY APPEALS.

On November 4, 2013, the "Severed Judgment on 1st, 2nd, and 4th Causes of Action" (the judgment) was filed. The judgment reiterates that the trial court had severed the fraud cause of action from the case, to be tried on a later date (still to be determined as of the date of the judgment), because of a family tragedy suffered by Kudla. The judgment states: "As thus bifurcated, the action was thereupon tried to the

9

court on (a) the 1st [(relief under Corporations Code section 800 et seq.)], 2nd [(breach of contract)], and 4th [(breach of fiduciary duty)] causes of action of plaintiff's fourth amended complaint and (b) said appearing defendants' answers thereto. Before evidence was taken, the court also announced that, given defendant McCullough's failure to appear and defend the case, all evidence to be offered by plaintiff at trial would be accepted and evaluated by the court as to defendant McCullough on plaintiff's case in chief on both liability and, if appropriate, damages, regardless of the outcome against the other said defendants."

The judgment recounts that after Henry rested his case, Dawson, Rogala, and Harrell, each moved for judgment on the causes of action stated against them, respectively. The judgment states: "The said motions having been argued, the court then granted each motion for each of said moving defendants *and defendant CATS on the 2nd cause of action*, but also announced that *plaintiff had succeeded in proving up liability on the* 1st and *2nd causes of action* against defendant McCullough. [¶] All issues and causes of action having therefore been resolved except for (a) damages as to defendant McCullough on the 1st and 2nd causes of action and (b) both liability and damages on the severed 3rd cause of action against both defendants McCullough and Kudla, the court then scheduled a later prove-up of damages against defendant McCullough. (The court has also scheduled a status conference for February 21, 2014 in respect to Mr. Kudla's medical condition and a potential date to try the said severed 3rd cause of action.)" (Italics added.)

The judgment concludes:

"1. Plaintiff Donald Henry, as a Corp C § 800 representative of CATS Communications having proved defendant Russ McCullough, an officer of CATS Communications, committed ultra vires activities (use of corporate funds to purchase automobiles, the discharge of gambling debts, and the purchase of personal goods and

10

services), the court decrees that CATS . . . shall have judgment against said defendant McCullough in the sum of $1,195,550.

"2. Plaintiff Henry, although having made a prima facie personal case of contract liability against defendant McCullough on the second cause of action, failed to prove by a preponderance of the evidence any damages against said defendant and will therefore take judgment against said defendant in the amount of $0. Similarly, plaintiff Henry failed to make a prima facie personal case of contract liability against defendant CATS on the second cause of action and plaintiff will therefore take judgment against said defendant in the amount of $0.

"3. Defendant Mike Harrell shall have and is hereby awarded a judgment against plaintiff Donald Henry on the 1st and 4th causes of action of plaintiff's 4th amended complaint and plaintiff shall accordingly take nothing against him. Likewise defendants Joseph Dawson and Steve Rogala shall have and are hereby awarded a judgment against plaintiff Donald Henry on the 4th cause of action of plaintiff's fourth amended complaint and plaintiff shall accordingly take nothing against them or either of them. Each of said defendants Harrell, Dawson, and Rogala may recover their individual costs upon timely filing of a memorandum of costs."

Henry filed a motion for a new trial and motion for a jury trial. In a minute order, the court denied Henry's motions but invited Henry's counsel "to submit proposed language to amend the judgment of November 4, 2013."

Henry appealed from the judgment. Dawson is the only defendant who filed a respondent's brief in this appeal. Rogala has filed a motion to join the argument set forth in Dawson's brief. Dawson also filed a motion for sanctions against Henry on the ground he has pursued a frivolous appeal. Rogala filed a motion to join Dawson's motion for sanctions.

11

DISCUSSION

I.

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO ISSUE A STATEMENT OF DECISION FOLLOWING HENRY'S COUNSEL'S TIMELY REQUEST.

After the trial court stated its ruling on the motion for judgment as to the claim for relief under Corporations Code section 800 et seq. as alleged against Harrell, but before the court entertained argument and ruled on the motions for judgment as to the breach of fiduciary duty claim, Henry's counsel asked the court, "[w]ill you prepare a statement of decision?" The court responded it had already provided a statement of decision having told the parties what the court's findings were. The court therefore granted Harrell's, Dawson's and Rogala's motions for judgment as to the breach of fiduciary duty claim, "for the reasons that I've already stated." For the reasons we will explain, the trial court's refusal to issue a written statement of decision constitutes reversible error.

Section 631.8, subdivision (a) of the Code of Civil Procedure provides: "After a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion is not granted, may move for a judgment. The court as trier of the facts shall weigh the evidence and may render a judgment in favor of the moving party, *in which case the court shall make a statement of decision as provided in Sections 632 and 634*, or may decline to render any judgment until the close of all the evidence. The court may consider all evidence received, provided, however, that the party against whom the motion for judgment has been made shall have had an opportunity to present additional evidence to rebut evidence received during the presentation of evidence deemed by the presenting party to have been adverse to him, and to rehabilitate the testimony of a witness whose credibility has been attacked by the moving party. Such motion may also be made and granted as to any cross-complaint." (Italics added.)

12

Section 632 of the Code of Civil Procedure provides: "In superior courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required. *The court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party appearing at the trial.* The request must be made within 10 days after the court announces a tentative decision unless the trial is concluded within one calendar day or in less than eight hours over more than one day in which event the request must be made prior to the submission of the matter for decision. The request for a statement of decision shall specify those controverted issues as to which the party is requesting a statement of decision. After a party has requested the statement, any party may make proposals as to the content of the statement of decision. [¶] *The statement of decision shall be in writing, unless the parties appearing at trial agree otherwise; however, when the trial is concluded within one calendar day or in less than 8 hours over more than one day, the statement of decision may be made orally on the record in the presence of the parties.*" (Italics added.)

Here, Henry's counsel made a timely request for a statement of decision by immediately making the request after the court announced its ruling on Harrell's motion for judgment as to the relief under Corporations Code section 800 et seq. claim. The court made its position clear that it had already satisfied its obligation of explaining its reasons orally on the record. It was therefore unnecessary and futile for Henry's counsel to again request a proper statement of decision in compliance with Code of Civil Procedure sections 631.8, subdivision (a) and 632 after the court entertained argument and granted Harrell's, Dawson's and Rogala's motions for judgment as to the breach of fiduciary duty claim.

A written statement of decision was required because the trial did not conclude within one calendar day or in less than eight hours over more than one day. The bench trial began on May 7, 2013, continued all day on May 8, and concluded on May 9.

13

On our own motion, and pursuant to California Rules of Court, rule 8.155(a)(1)(A), we augment the record with the trial court's minute orders from those days which confirm trial consumed more than eight hours. (*In re Marriage of Gray* (2002) 103 Cal.App.4th 974, 980 [The amount of time spent in trial is calculated based on "the time that the court is in session, in open court, and also includes ordinary morning and afternoon recesses when the parties remain at the courthouse," but excludes "time spent by the judge off the bench without the parties present—lunch, for example—except for such routine recesses as occur during the day."].)

The trial court's failure here to issue a written statement of decision is fatal to the judgment. (See *Karlsen v. Superior Court* (2006) 139 Cal.App.4th 1526, 1530-1531 [the trial court's failure to prepare a statement of decision on factual issues, when timely and correctly requested, is reversible error]; *In re Marriage of Sellers* (2003) 110 Cal.App.4th 1007, 1010 [it is reversible error for a trial court to refuse to issue a statement of decision when one it timely and properly requested]; *Miramar Hotel Corp. v. Frank B. Hall & Co.* (1985) 163 Cal.App.3d 1126, 1129 ["[T]he issuance of a statement of decision upon timely request therefor is mandatory. Because the trial court failed to issue such a statement despite a timely request therefor, reversal is required."].)

We therefore reverse the judgment as to the claims for relief under Corporations Code section 800 et seq. and breach of fiduciary duty, and remand the matter to the trial court.

## II.

### WE REVERSE THE JUDGMENT AS TO THE BREACH OF CONTRACT CLAIM BECAUSE THE TRIAL COURT DENIED HENRY A JURY TRIAL.

Henry argues the trial court erred by failing to set the jury trial on the breach of contract and fraud causes of action, thereby denying him the right to have a jury decide the factual issues raised in those claims. Our record shows the trial court

14

severed the fraud cause of action from all the other causes of action and, as of the date of the judgment, the jury trial on that claim had yet to be set, pending Kudla's availability. The judgment entered in this case thus did not resolve the severed fraud cause of action against Kudla and McCullough.

The record is inconsistent, however, with regard to the trial court's resolution of the breach of contract cause of action. The reporter's transcript shows that at the conclusion of the bench trial, the court stated that a jury trial on the breach of contract and fraud causes of action remained. A jury trial date was set and rescheduled. After the fraud cause of action was severed from the breach of contract cause of action due to Kudla's unavailability, Henry unsuccessfully sought to have a jury trial specially set on the breach of contract claim against CATS and McCullough. The judgment, however, states that not only were the claims for relief under Corporations Code section 800 et seq. and breach of fiduciary duty tried to the bench in May 2013, but the breach of contract claim was tried to the bench at that time as well. The judgment's reference to and purported disposition of the breach of contract cause of action is inconsistent with the trial court's statements at the conclusion of the bench trial and thus is in error.

The error constitutes reversible error because it effectively denied Henry a jury trial on the breach of contract claim. Article I, section 16 of the California Constitution guarantees a civil litigant the right to a jury trial on legal claims. (Code Civ. Proc., § 631, subd. (a) ["The right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate."]; *Entin v. Superior Court* (2012) 208 Cal.App.4th 770, 776-777; *DiPirro v. Bond Corp.* (2007) 153 Cal.App.4th 150, 184-185 ["the right to a jury trial may not be abrogated by the trial court's severance of equitable claims from legal claims that have been joined in the same action"].)

15

The extent of the constitutional civil jury trial right is set forth in Code of Civil Procedure section 592, which provides in relevant part: "In actions for the recovery of specific, real, or personal property, with or without damages, or *for money claimed as due upon contract, or as damages for breach of contract*, or for injuries, an issue of fact must be tried by a jury, unless a jury trial is waived, or a reference is ordered, as provided in this Code." (Italics added; see *Corder v. Corder* (2007) 41 Cal.4th 644, 656 ["Like the constitutional provision (Cal. Const., art. I, § 16), section 592 is historically based and does not expand the jury trial right beyond its common law scope."].) "The denial of the right to jury trial is reversible error per se. [Citations.] No showing of actual prejudice is required." (*Martin v. County of Los Angeles* (1996) 51 Cal.App.4th 688, 698; see *Conservatorship of Maria B.* (2013) 218 Cal.App.4th 514, 534 ["Structural errors requiring automatic reversal include denying a party's request for a jury trial."].)

## III.

### DAWSON'S MOTION FOR SANCTIONS IS DENIED.

Dawson filed a motion for sanctions against Henry (which Rogala moved to join) on the ground this appeal is frivolous. In light of our holding reversing the judgment in favor of Dawson, we deny Dawson's motion.

## DISPOSITION

The portion of the judgment entered against McCullough on the first cause of action for relief under Corporations Code section 800 et seq., awarding CATS

16

$1,195,550, is affirmed.  The judgment is otherwise reversed and we remand to the trial court.  Appellant shall recover costs on appeal.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.