Filed 8/26/16  P. v. Derritt CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DEANDRE LAMONT DERRITT,<br><br>        Defendant and Appellant. | E064152<br><br>(Super.Ct.No. FWV1001109)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Mary E. Fuller, Judge.  Affirmed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Arlene A. Sevidal and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Deandre Lamont Derritt was convicted of possession of a firearm by a felon and possession of ammunition by a prohibited person and was

1

sentenced to a total term of 12 years in state prison. Part of his sentence included a two-year enhancement for his having committed the felony offenses while being released on bail on another felony offense, which was later reduced to a misdemeanor pursuant to Proposition 47 (Pen. Code,[1] § 1170.18, subds. (a)-(b)). Defendant sought to have the on-bail enhancement (§ 12022.1) stricken from his current sentence, but the trial court denied the request. On appeal, he claims this was error. We disagree and affirm.

## I. BACKGROUND

In 2010, defendant was convicted of felony possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) (case No. FWV903128 (2010 case)). While on bail for that offense, he was arrested for possession of a firearm by a felon (Pen. Code, former § 12021, subd. (a)) and possession of ammunition (Pen. Code, former § 12316, subd. (b)) (case No. FWV1001109 (2012 case)). On June 15, 2012, a jury convicted defendant of his possession of a firearm/ammunition offenses, finding that he had committed them while released on bail in his 2010 case (Pen. Code, § 12022.1), and that he had suffered six prior "strike" convictions (Pen. Code, § 1170.12, subds. (a)-(d)) and four prior convictions for which he served prison terms (Pen. Code, § 667.5, subd. (b)).[2] On September 6, 2012, the trial court struck five of the six strike convictions and sentenced defendant to prison for a term of 13 years 4 months in the current case.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Defendant requests this court take judicial notice of the record in case No. E057057, as well as the prior case No. FWV903128, which was the basis for the on-bail enhancement. We grant his request. (Evid. Code, §§ 451, subd. (a), 452, subd. (d).)

Defendant appealed his 2012 case, and on November 26, 2013, this court ordered that his sentence be modified by staying a consecutive term of one year four months for the possession of ammunition conviction. (*People v. Derritt* (Nov. 26, 2013, E057057 [nonpub. opn.].) We noted that "[t]ypically, when a sentence is reduced by such a significant amount we would remand the matter back to the trial court for resentencing, in order to protect the People's interest in having the appropriate sentence pronounced. (*People v. Burns* (1984) 158 Cal.App.3d 1178, 1183.) However, in this case, the trial court has already imposed the upper prison terms for the firearm conviction and associated bail enhancement, so it appears the maximum sentence has been imposed." (*People v. Derritt*, *supra,* E057057.) Thus, we modified defendant's sentence in our disposition and directed the trial court to issue an amended abstract of judgment reflecting the modified sentence and forward it to the appropriate agencies. In all other respects, we affirmed the judgment. (*Ibid.*) The remittitur issued on January 29, 2014.

On December 5, 2014, defendant successfully petitioned to have his felony possession of a controlled substance conviction in the 2010 case be designated as a misdemeanor under section 1170.18.

On February 4, 2015, the minute order of defendant's sentence in his 2012 case was changed to reflect this court's modification of defendant's sentence: the consecutive sentence on the possession of ammunition conviction was stayed pursuant to section 654 and the clerk was directed to prepare an amended abstract of judgment and forward it to the Department of Corrections. The amended abstract continued to reflect a sentencing date of September 6, 2012.

3

On July 2, 2015, defendant sought to dismiss the two-year on-bail enhancement in the 2012 case (which was based upon his felony possession in the 2010 case) because the enhancement was now based upon a misdemeanor offense. The trial court denied the petition.

## II. DISCUSSION

Defendant argues that because his 2010 felony conviction is now a "misdemeanor for all purposes" pursuant to section 1170.18, subdivision (k), the on-bail enhancement in this case that was based on that prior conviction should be stricken from his current sentence. (§ 1170.18 subd. (k).) Under the facts of this case, we disagree.

On November 4, 2014, California voters approved Proposition 47 (the Safe Neighborhoods and Schools Act, as approved by voters, Gen. Elec. (Nov. 4, 2014)). Among other things, Proposition 47 amends the Penal Code and Health and Safety Code to reduce certain property crimes and possessory drug offenses from felonies or wobblers to misdemeanors and allows people serving felony sentences for newly-reduced offenses to ask the court to resentence them as misdemeanants. (§ 1170.18, subds. (a),[3] (b).[4]) According to its language, section 1170.18, subdivisions (a) and (b), only apply to

_____

[3] A defendant "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (Pen. Code, § 1170.18, subd. (a).)

[4] If "the petitioner satisfies the criteria in subdivision (a)," the court must recall his felony sentence and resentence him to a misdemeanor "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

4

prisoners currently serving a sentence on an eligible offense.  If the court grants the request to reclassify the offense as a misdemeanor, thereafter the crime will be treated as a misdemeanor for all purposes, except for the right to own or possess firearms. (§ 1170.18, subd. (k).)

To the extent defendant contends section 1170.18 provides for redesignation, dismissal, or striking of a sentence enhancement imposed in connection with a conviction that is ineligible for recall and resentencing or redesignation under that statute, he is incorrect.  Section 1170.18 provides specific procedures for defendants to obtain relief for two classifications of convictions:  (1) a felony conviction for which a defendant is currently serving a sentence that would now be a misdemeanor under the Act (§ 1170.18, subds. (a), (b)); and (2) a felony conviction for which a defendant has completed a sentence that would now be a misdemeanor under the Act (§ 1170.18, subds. (f), (g)). The focus of these procedures is redesignation of *convictions*, not enhancements.  Neither procedure provides for either the recall and resentencing or the redesignation (or dismissal or striking) of a sentence enhancement.  (§ 1170.18, subds. (a), (b), (f), (g).)

Section 12022.1 provides a two-year status enhancement if a defendant commits a second felony while on bail for an earlier felony.  (§ 12022.1, subd. (b).)  The statute does not define a distinct criminal offense; instead, it sets forth conditions under which a defendant convicted of a substantive offense may have his sentence "enhanced"—i.e., increased.  An enhancement is "'an additional term of imprisonment added to the base term' (Cal. Rules of Court, rule 4.405(3)), which cannot be imposed without a conviction for the substantive offense.  [Citation.]"  (*People v. Maultsby* (2012) 53 Cal.4th 296, 299-

5

300.)  "For that reason alone, an enhancement cannot be equated with an offense."

(*People v. Anderson* (2009) 47 Cal.4th 92, 118.)  Because section 12022.1 is a status

enhancement, not a substantive offense, we conclude it does not constitute a conviction

of a felony under the plain language of section 1170.18.

Notwithstanding the above, defendant contends that the on-bail enhancement

should have been stricken when he was "resentenced in this case," because his "case was

not final when the primary offense became a misdemeanor . . . ."[5]  Not so.  The flaw in

defendant's argument lies in his assumption that he was resentenced on February 4, 2015,

when the trial court corrected the September 6, 2012, minute order from his sentencing

hearing pursuant to this court's direction.

"When there has been a decision upon appeal, the trial court is reinvested with

jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the

remittitur.  The trial court is empowered to act only in accordance with the direction of

the reviewing court; action which does not conform to those directions is void.

[Citations.]"  (*Hampton v. Superior Court* (1952) 38 Cal.2d 652, 655; see *Karlsen v.

Superior Court* (2006) 139 Cal.App.4th 1526, 1530 [citing *Hampton*]; see also *In re

Anna S.* (2010) 180 Cal.App.4th 1489, 1499.)  This court's opinion was filed on

November 26, 2013, and the remittitur was issued on January 29, 2014.  According to our

opinion, we modified defendant's sentence and directed the trial court to issue an

---

[5]  In his opening brief defendant relied on *People v. Buycks* (2015) 241 Cal.App.4th 519.  In his reply brief defendant acknowledges that the California Supreme Court granted review on January 20, 2016, S231765, rendering it not citable as superseded by grant of review. (Cal. Rules of Court, rule 8.1105(e)(1).)

amended abstract of judgment reflecting the modified sentence and forward it to the appropriate agencies. In all other respects, we affirmed the judgment. (*People v. Derritt, supra*, E057057.) Contrary to defendant's belief, there was no resentencing on February 4, 2015, because the trial court's jurisdiction was defined by this court's opinion. Thus, defendant was sentenced on September 6, 2012, prior to the enactment of Proposition 47, and prior to his felony possession of a controlled substance being reduced to a misdemeanor. Moreover, his sentence became final on January 29, 2014, prior to the enactment of Proposition 47, and prior to his felony possession of a controlled substance being reduced to a misdemeanor.

## III. DISPOSITION

We affirm the order denying defendant's petition for resentencing on the on-bail enhancement.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

J.

We concur:

RAMIREZ

P. J.

CODRINGTON

J.

7