Filed 11/13/20  AAWestwood v. Liberal Arts 677 etc. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| AAWESTWOOD, LLC,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LIBERAL ARTS 677 BENEVOLENT FOUNDATION, INC.,<br><br>    Defendant and Respondent. | B296066<br><br>(Los Angeles County Super. Ct. No. BC504513) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Randolph M. Hammock, Judge.  Affirmed.

Westwood Lawyers and Lottie Cohen; Pick & Boydston and Brian Boydston for Plaintiff and Appellant.

Law Office of Lawrence M. Lebowsky and Lawrence M. Lebowsky for Defendant and Respondent.

# I. INTRODUCTION

Plaintiff and cross-defendant AAWestwood, LLC (plaintiff) appeals from a postjudgment order awarding attorney fees to defendant and cross-complainant Liberal Arts 677 Benevolent Foundation, Inc. (defendant). Plaintiff argues that, following a reversal and remand from this court, plaintiff was entitled to have the same trial judge who presided over the initial attorney fees motion consider defendant's motion. Plaintiff also challenges the court's ruling that defendant was entitled to attorney fees and the court's calculation of those fees. We affirm.

# II. BACKGROUND

A. *The Form and the Lease*[1]

Defendant owns property, including a parking lot, located at 2244 Westwood Boulevard in Los Angeles (2244 property). In 1987, Daniel Haines purchased property nearby at 2288 Westwood Boulevard (2288 property). Plaintiff is the current owner of the 2288 property.

Sometime after Haines purchased the 2288 property, he informed defendant that the City of Los Angeles (City) might require him to obtain a covenant for six additional parking spaces before it would approve pending improvements on the 2288 property. Accordingly, Haines requested that defendant sign a form entitled "Covenant and Agreement Regarding Maintenance of Off-Street Parking Space" (Form). The Form recited that

---

[1] The following facts in subsection A are mainly taken from the trial court's statement of decision issued on June 25, 2015.

defendant and the City agreed six parking spaces on the 2244 property (Parking Spaces) would be maintained and provided for use by the 2288 property unless certain conditions applied. The Form contained a signature line indicating that it "MUST BE APPROVED BY [¶] Dept. of Building & Safety [¶] prior to recording." Haines and defendant agreed that the Form would be recorded only if the City required the Parking Spaces as a prerequisite for Haines's improvements.

On May 14, 1987, two of defendant's board members signed the Form. Haines maintained possession of the Form, but did not record it. The City never approved the Form.

At around the same time that defendant's board members signed the Form, Haines and defendant entered into a separate lease agreement for the Parking Spaces, which required that Haines pay defendant a monthly rate. Haines paid the monthly rent.

On July 21, 1995, after Haines's death, Haines's wife recorded a modified version of the Form with the Los Angeles County Recorder's Office.

In March 1999, new owners purchased the 2288 property. The new owners[2] of the 2288 property entered into a new parking lot lease with defendant for use of the Parking Spaces.

In April 2009, plaintiff, who was the new owner of the 2288 property, entered into a new lease agreement with defendant for the Parking Spaces (2009 Lease). Plaintiff agreed to pay defendant monthly rent for use of the Parking Spaces. The 2009 Lease contained an attorney fees provision, which stated: "If a party under this agreement brings an action or proceeding to

_____

[2] Lottie Cohen, a managing member of plaintiff, was one of the new owners.

3

enforce the terms thereof or declare rights thereunder, the prevailing party in any such action, proceeding or appeal thereon, shall be entitled to full reimbursement of all attorney[ ] fees reasonably incurred, regardless of court fee schedules. Such fees may be awarded in the same suit or recovered in a separate suit, whether or not such action or proceeding is pursued to decision or judgment." The 2009 Lease commenced on March 1, 2009, and ended on February 29, 2012.

When the 2009 Lease ended in 2012, plaintiff and defendant commenced negotiating the terms of a new lease. Plaintiff continued to pay and defendant continued to receive the monthly rental payments from March to July 2012. By August 2012, the parties ceased negotiating the terms of the new lease.

In August 2012, plaintiff informed defendant that it would not pay for use of the Parking Spaces as it had a purported covenant for an easement to use the Parking Spaces in perpetuity. Plaintiff stated that it would provide defendant with "'voluntary contributions'" of $400 per month for use of the Parking Spaces, and it then sent checks to defendant accordingly. Defendant returned the checks.

On March 20, 2013, defendant informed plaintiff, in writing, that it would no longer permit plaintiff access to the Parking Spaces. On April 1, 2013, defendant blocked public access to the Parking Spaces.

B. *The Lawsuit*

On April 2, 2013, plaintiff initiated the underlying action against defendant for quiet title.

4

On May 2, 2013, defendant filed a cross-complaint for quiet title and declaratory relief.

On June 30, 2014, plaintiff filed the operative amended complaint for quiet title and forcible detainer. For its quiet title cause of action, plaintiff alleged that it had an express grant of easement through the Form or, in the alternative, a prescriptive easement. Plaintiff requested as relief, among other things, a recordable judgment quieting title of its purported easement rights to the Parking Spaces, damages, and attorney fees.

For its forcible detainer cause of action, plaintiff alleged that its easement precluded a lock-out from the Parking Spaces without due process. Alternatively, plaintiff alleged that its rights as a tenant precluded defendant from locking it out. Plaintiff requested as relief on the forcible detainer claim, among other things, damages for its own lost rental revenue of $600 per month for the Parking Spaces, treble damages, restitution of the Parking Spaces, and an award of attorney fees.

C. *Statement of Decision, Judgment, and Motion for Attorney Fees*

The matter proceeded to a court trial before Judge Debre K. Weintraub. On June 25, 2015, the trial court issued its statement of decision. The court rejected plaintiff's quiet title claim, finding that neither a covenant nor a prescriptive easement existed. The court next considered plaintiff's forcible detainer claim and concluded that the 2009 Lease expired and turned into a month-to-month tenancy, which required defendant to initiate unlawful detainer proceedings to evict plaintiff. Defendant had instead resorted to self-help and plaintiff was

5

entitled to damages in the net amount of $3,809.52. The court denied plaintiff's request for restitution of the Parking Spaces.

The court then considered defendant's cross-complaint and found that defendant was entitled to quiet title to the Parking Spaces, free and clear of any covenant or easement.

The trial court declared defendant to be the prevailing party under Code of Civil Procedure section 1032, subdivision (a)(4), but ordered that, in the interest of justice, each party would bear its own costs.

On August 17, 2015, the trial court entered its judgment.

On October 16, 2015, defendant filed a motion for attorney fees pursuant to Civil Code section 1717.[3]

On February 1, 2016, the trial court denied defendant's motion, finding that the judgment, which ordered the parties to bear their own costs pursuant to Code of Civil Procedure section

---

[3]    Civil Code section 1717 provides in pertinent part: "(a)  In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.  [¶]  . . .  [¶]

"(b)(1)  The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment.  Except as provided in paragraph (2) [voluntary dismissal or settlement], the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract.  The court may also determine that there is no party prevailing on the contract for purposes of this section."

6

1032, subdivision (a)(4), precluded an award of attorney fees pursuant to Civil Code section 1717.  Defendant appealed.

D.     *The Prior Appeal*

On May 23, 2018, we issued our opinion reversing the trial court's order denying the motion for attorney fees.  We held that a "prevailing party" under Code of Civil Procedure section 1032, subdivision (a)(4) is distinct from a "party prevailing on the contract" under Civil Code section 1717.  Because, however, the court did not make a finding as to whether defendant was the prevailing party on the contract under Civil Code section 1717, we remanded the matter, stating:  "The order is reversed and remanded to the trial court with directions to determine whether defendant prevailed on the contract and, if so, to award reasonable attorney fees pursuant to [Civil Code] section 1717.  Defendant is awarded costs on appeal."  (*AAWestwood, LLC v. Liberal Arts 677 Benevolent Foundation* (May 23, 2018, B275717) [nonpub. opn.].)  The remittitur issued on August 17, 2018.

E.     *Assignment to Judge Hammock*

While the prior appeal was pending, Judge Weintraub was reassigned from Department 47 to Department 1.  Judge Randolph M. Hammock was assigned to Department 47.  On September 26, 2018, Judge Weintraub, upon receipt of the remittitur, forwarded the case to Judge Hammock for all further proceedings.[4]

---

[4]     On February 27, 2017, defendant filed a notice of related case.  On March 10, 2017, plaintiff filed an opposition, stating its

7

F.    *Motions for Attorney Fees*

On September 26, 2018, defendant filed its motion for attorney fees as the prevailing party on the contract.  Defendant argued that its causes of action for declaratory relief and quiet title in the cross-complaint as well as plaintiff's causes of action for quiet title and forcible detainer were predicated on the 2009 Lease, which contained an attorney fees provision.  Defendant sought $266,210.50 as the lodestar amount, and requested that the court apply a 1.5 multiplier.

Also on September 26, 2018, defendant filed a motion for attorney fees as the prevailing party on appeal.  Defendant sought $75,869 as the lodestar amount, and requested that the court apply a 1.5 multiplier.

On February 6, 2019, plaintiff filed its opposition to defendant's motion for attorney fees.  Plaintiff argued that the motion "should be decided only by [the Honorable Debre K. Weintraub] since she is available."  As to the merits of defendant's motion, plaintiff contended that defendant did not prevail on the contract as the only cause of action involving the contract was the forcible detainer claim, upon which plaintiff prevailed.  In plaintiff's view, the quiet title and declaratory relief claims were not predicated upon the 2009 Lease.  Plaintiff also argued that the amounts sought were unreasonable.

Also on February 6, 2019, plaintiff filed its opposition to defendant's motion for attorney fees on appeal.  Plaintiff again argued that Judge Weintraub must consider the motion and

intent to file a petition pursuant to Code of Civil Procedure section 170.6 against Judge Weintraub if the notice of related case were granted.

contended that defendant had not prevailed on appeal because, according to plaintiff, this court's opinion on appeal constituted "an interim order, with no prevailing party."  Plaintiff also disputed the amounts sought as unreasonable.

G.    *Ex Parte Application for Judge Weintraub to Hear Motions*

On January 25, 2019, plaintiff submitted an ex parte application requesting that Department 1, as the master calendar court, assign the attorney fee motions to be heard by Judge Weintraub, who was now assigned to Department 76.  The judge in Department 1 denied the ex parte request.

H.    *Trial Court's Attorney Fee Award*

On February 21, 2019, following a hearing, the trial court issued its order on the motions for attorney fees.  The court rejected plaintiff's argument that only Judge Weintraub could hear the motions.  It then determined that defendant was the prevailing party on the contract and awarded defendant $225,000 as reasonable attorney fees.  The court also awarded defendant an additional $55,000 for prevailing on appeal.  Plaintiff timely appealed.

### III.  DISCUSSION

A.    *Jurisdiction of Trial Court to Hear Attorney Fees Motion*

Plaintiff asserts it was error for Judge Hammock, rather than Judge Weintraub, to rule on defendant's motions for

attorney fees.  First, plaintiff contends that this court, in issuing the prior opinion, "did not hold there was an error of law" and instead "*direct*[*ed*] the initial [t]rial [c]ourt to elaborate on her ruling."  Plaintiff has misconstrued our prior opinion.  As explained above, we held that the court erred when it concluded that its ruling pursuant to Code of Civil Procedure section 1032, subdivision (a)(4) precluded an award of attorney fees pursuant to Civil Code section 1717.  (See *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1335, fn. 3; *Sears v. Baccaglio* (1998) 60 Cal.App.4th 1136, 1143.)  Thus, our remand was for the trial court to exercise its discretion pursuant to Civil Code section 1717 in the first instance, not for any particular judge to explain his or her "intention."  (Cf. *Karlsen v. Superior Court* (2006) 139 Cal.App.4th 1526, 1530–1531 [where remand for trial court to *complete* trial by preparing statement of decision, the court erred by granting disqualification motion under Code Civ. Proc., § 170.6]; *Geddes v. Superior Court* (2005) 126 Cal.App.4th 417, 424 [remand for trial court to comply with summary judgment statute's requirements "to state the facts and law upon which it based its decision"].)

Next, plaintiff argues that "[t]he [r]ule of returning remanded cases to the available initial trial court is the rule, to which there should [be] no exception."  Plaintiff cites no relevant authority in support of its claim and none of the statutes or cases cited in plaintiff's briefs supports application of such a broad rule.  (See Code Civ. Proc., § 661 [motion for *new trial* "shall be heard and determined by the judge who presided at the trial"]; *People v. Rodriguez* (2016) 1 Cal.5th 676, 690 [describing "same judge rule" for motions to suppress evidence under Pen. Code, § 1538.5, subd. (p)]; *People v. Arbuckle* (1978) 22 Cal.3d 749, 756–757

[finding reversible error when trial judge accepts plea bargain but fails to impose the sentence].) As a general matter, "'[j]urisdiction lies in the court and not a particular judge. (*People v. Osslo* (1958) 50 Cal.2d 75, 103 . . . .) . . . "[A]n individual judge (as distinguished from a court) is not empowered to retain jurisdiction of a cause. The cause is before the court, not the individual judge of that court, and the jurisdiction which the judge exercises is the jurisdiction of the court, not of the judge." (*People v. Osslo, supra*, 50 Cal.2d at p. 104.)' (*In re Marriage of Regnery* (1989) 214 Cal.App.3d 1367, 1377 . . . .)" (*Leonard Carder, LLP v. Patten, Faith & Sandford* (2010) 189 Cal.App.4th 92, 99.) Thus, Judge Hammock had jurisdiction to hear the attorney fees motions on remand.

B.      *Prevailing Party on Contract*

We next consider plaintiff's contention that the trial court erred by finding that defendant was "the prevailing party on the contract" pursuant to Civil Code section 1717. "The trial court ruling on a motion for fees under [Civil Code] section 1717 is vested with discretion in determining which party has prevailed on the contract, or that no party has. [Citation.] 'If neither party achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees.' [Citation.] [A] party who obtains an unqualified victory on a contract dispute, including a defendant who defeats recovery by the plaintiff on the plaintiff's entire contract claim, is entitled as a matter of law to be considered the prevailing party for purposes

11

of [Civil Code] section 1717. [Citation.] But 'when the results of the [contract] litigation are mixed,' the trial court has discretion under the statute to determine that no party has prevailed." (*DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968, 973.)

"'[I]n deciding whether there is a "party prevailing on the contract," the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by "a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions."'" (*DisputeSuite.com, LLC v. Scoreinc.com, supra*, 2 Cal.5th at p. 974.)

Plaintiff contends that because defendant prevailed on equitable causes of action (for quiet title and declaratory relief) while plaintiff prevailed on the only purported "contractual" claim, that is, unlawful detainer, defendant was not entitled to fees under Civil Code section 1717.[5] Plaintiff's contention is meritless. Civil Code section 1717 does not limit relief to breach of contract claims. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 608 ["If a contractual attorney fee provision is phrased broadly enough . . . it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort

---

[5]  Plaintiff's forcible entry/forcible detainer claim was premised on its assertion that it "was entitled to the possession of the [Parking Spaces] by reason of its afore-alleged easement rights." Plaintiff alternatively asserted that it was entitled to relief as a tenant based upon the 2009 Lease.

12

claims"]; *Cruz v. Ayromloo* (2007) 155 Cal.App.4th 1270, 1277 [provision that provided for attorney fees "'[i]f a civil action is instituted *in connection with* this'" lease permitted award of fees for both breach of contract and tort causes of action].) Rather, "'California courts liberally construe the term ""on a contract""' as used within [Civil Code] section 1717. [Citation.] As long as the action "involve[s]" a contract it is "'on [the] contract'" within the meaning of [Civil Code] section 1717. [Citations.]'" (*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 894.)

The attorney fees provision in the 2009 Lease provided that "[i]f a party under this agreement brings an action or proceeding to enforce the terms thereof or declare rights thereunder," the prevailing party will recover reasonable attorney fees. The parties here disputed whether plaintiff had a right to use the Parking Spaces, which were clearly identified in the 2009 Lease as the premises being rented. In its amended complaint, plaintiff: (1) asserted that it had possessory rights to the Parking Spaces by reason of a covenant or prescriptive easement; (2) sought a determination that its easements rights were "not conditioned upon payment of consideration or rent"; and (3) sought attorney fees on its quiet title cause of action. Thus, plaintiff's lawsuit sought to "declare [its] rights" to the Parking Spaces. Further, defendant sought in its cross-complaint to declare its own rights to the Parking Spaces. As plaintiff concedes, the terms of the 2009 Lease contradicted plaintiff's claims of a purported possessory interest in the Parking Spaces, which demonstrates that plaintiff's claims were meritless, not that they did not "involve" the 2009 Lease. Accordingly, the trial court did not err by ruling that the quiet title and declaratory

13

relief causes of action were "on the contract" for purposes of Civil Code section 1717.[6]

Next, we consider whether the trial court abused its discretion in awarding attorney fees when plaintiff prevailed on at least one of its causes of action. Defendant prevailed on its quiet title and plaintiff's quiet title causes of action. It also prevailed on its declaratory relief cause of action. Plaintiff prevailed on its unlawful detainer cause of action. Defendant obtained a judgment declaring that it held title to the Parking Spaces free and clear of any encumbrance or easement. Plaintiff obtained a judgment for $3,809.52. On this record, the court did not abuse its discretion by finding defendant recovered greater relief on the contract and was thus entitled to recover reasonable attorney fees.[7] (*Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1109; Civ. Code, § 1717, subd. (b)(1).)

---

[6]     Plaintiff contends that the trial court could only award costs, which include fees, to the extent costs were awarded under Code of Civil Procedure section 1032. Pursuant to the law of the case doctrine, we need not restate our reasons for rejecting that claim in our earlier appeal. (See *Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 491.)

[7]     Plaintiff contends that there was no substantial evidence to support the trial court's ruling because defendant failed to attach its cross-complaint to either of its attorney fees motions. We disagree as defendant requested that the court take judicial notice of the court's record and the court granted that request. Further, the court stated that it reviewed the case file and expressly referred to defendant's cross-complaint in its ruling.

Plaintiff, however, has failed to include the cross-complaint as part of the record on appeal. As the appellant, plaintiff bears

C. *Defendant Was Prevailing Party on First Appeal*

Plaintiff next argues that defendant was not entitled to recover attorney fees for prevailing on the first appeal because, in plaintiff's view, there was no "final" determination of the litigation, as our prior opinion was only an "interim appellate ruling." The cases cited by plaintiff in support are inapposite as they involved underlying litigation that was not complete after the first appeal. (See, e.g., *Butler-Rupp v. Lourdeaux* (2007) 154 Cal.App.4th 918, 928 [identification of prevailing party not complete until after conclusion of appeal from underlying litigation]; *Presley of Southern California v. Whelan* (1983) 146 Cal.App.3d 959, 961 ["it is well settled a party who prevails on appeal is not entitled under a [Civil Code] section 1717 fee provision to the fees he incurs on appeal where the appellate decision does not decide who wins the lawsuit but instead contemplates further proceedings in the trial court"].) Here, the litigation was complete, judgment was entered, and the determination of who had prevailed on the contract could be determined by examination of the record of the trial. The court properly concluded that defendant had prevailed on the earlier appeal and was therefore entitled to recover attorney fees. (*Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 250 ["When a contract or a statute authorizes the prevailing party to recover attorney fees, that party is entitled to attorney fees incurred at trial and on appeal"].)

---

the burden of producing an adequate record to demonstrate error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

D.    *Calculation of Attorney Fees*

Plaintiff next argues that the trial court abused its discretion in calculating the amount of attorney fees.  We review this claim for an abuse of discretion.  (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.)  The court's order is presumed correct absent a showing of error to the contrary. (*Jameson v. Desta, supra*, 5 Cal.5th at pp. 608–609.)  Further, "[i]t is well established that 'California courts do not require detailed time records, and trial courts have discretion to award fees based on declarations of counsel describing the work they have done and the court's own view of the number of hours reasonably spent.  [Citations.]'" (*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 698.)  Here, the court reviewed the case file, considered declarations and argument by both parties, reduced certain requested fees, and reached the lodestar amount of $225,000 for the motion for attorney fees from trial, and $55,000 for the motion for attorney fees on appeal.  On this record, we find no abuse of discretion.[8]

---

[8]    Plaintiff asserted that this case is entitled to calendar preference pursuant to rule 8.240 of the California Rules of Court.  Plaintiff, however, did not provide a statutory basis for such calendar preference, and we have found none.  We conclude calendar preference was given in error.

Plaintiff also moves to sanction defendant for purportedly filing an untimely brief in violation of rule 8.220 of the California Rules of Court.  To the extent that plaintiff asserts sanctions should be imposed because defendant filed its brief on July 13, 2020, which was 18 days after our deadline of June 25, 2020, we decline to impose sanctions.  Accordingly, plaintiff's motion for sanctions is denied.

16

## IV.  DISPOSITION

The postjudgment order awarding attorney fees is affirmed. Defendant Liberal Arts 677 Benevolent Foundation, Inc. is entitled to recover costs on appeal, including reasonable attorney fees pursuant to contract.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.


We concur:


RUBIN, P. J.


BAKER, J.


17